UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN DAVID MATTHEWS,<br><br>              Plaintiff,<br><br>   v.<br><br>BERNARD WARNER, PATRICK GLEBE, STELLA JENNINGS, TANYA PLEINES, DUANE CAMPEAU, RANDI SMITH, DAVID PIUKKULA, STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>             Defendants. | CASE NO. 3:15-CV-05464-RBL-JRC<br><br>ORDER TO SHOW CAUSE |

      The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff Brian David Matthews filed an application for leave to proceed *in forma pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. Plaintiff alleges that he was punished and retaliated against for wearing religious headgear while incarcerated at Stafford

1 Creek Corrections Center ("SCCC").  He is attempting to bring a claim against 11 defendants,
2 including the State of Washington, Washington Department of Corrections ("WDOC") and
3 several WDOC employees. Dkt. 1-1 at 2, 11-15.

4       Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or
5 more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be
6 precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is
7 under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

8       This court may take notice of judicial proceedings in another court.  *See U.S. ex rel.*
9 *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  A
10 review of court records from this district shows that plaintiff filed three cases or appeals while
11 incarcerated that were dismissed as frivolous or for failure to state a claim. The first strike
12 occurred in *Matthews v. Pierce County* (Western District Case No. 3:11-cv-5131), that case was
13 dismissed on April 1, 2011 as frivolous.  The second strike occurred when the Ninth Circuit
14 found the appeal of *Matthews v. Pierce County* frivolous (Case No. 11-35382), and the mandate
15 was issued on August 3, 2011.  The third strike occurred in *Matthews v. State of Washington*,
16 (Western District Case No. 3:14-cv-05762-BHS); that case was dismissed on September 29,
17 2014 as frivolous with no arguable basis in law or fact.  Plaintiff did not file an appeal in that
18 case.  Plaintiff's most recent case, *Matthews v. Holder*, (Western District Case No. 2:15-cv-
19 00155-RAJ), was dismissed on March 17, 2015 as it was "frivolous or malicious and that, in any
20 event, it fails to state a claim."  The Ninth Circuit found his appeal frivolous (Case No. 15-
21 35310), and the mandate was issued on July 13, 2015.  However, *Matthews v. Holder* is not yet
22 final and does not count as a strike. *Silva v. Di Vitorrio,* 658 F.3d 1090, 1099 (9th Cir. 2011)
23 (Dismissal must be final before it counts as a strike. Dismissal ripens into a "strike" for section
24

1915(g) purposes on "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the [90-day period] to file a petition for writ of certiorari expired, if he did not."). *See also Ellington v. Clark*, 2012 WL 466730, at *1 (E.D. Cal. Feb. 13, 2012).

Plaintiff may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on July 6, 2015. *See* 28 U.S.C. § 1915(g).  "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

In his complaint, plaintiff alleges that he is a "multi-religious person with certain beliefs and practices held and exercised under Hebraism." Dkt. 1-1 at 2. Plaintiff alleges he was punished for wearing religious headgear and upon formally appealing that punishment, his walking cane was confiscated. *Id.* Plaintiff alleges he suffered substantial pain on a daily basis due to the confiscation of his walking cane. *Id.* at 2, 16.

Here, it is not clear if plaintiff's assertions are sufficient to demonstrate that he was subject to 'imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d at 1053.  Plaintiff should plead specific facts related to his particular and continuing injury, and facts related to whether or not defendants knew of the

1  particular harm and failed to address the harm. If he is able to allege such facts, then he may
2  qualify for § 1915(g)'s exception to the three-strikes bar. *See Austin v. Manuma,* 2012 WL
3  1435690, at *2 (D. Haw. Apr. 25, 2012).
4       Therefore, IT IS ORDERED that plaintiff shall show cause by August 21, 2015 why his
5  application to proceed *in forma pauperis* should not be denied. In the alternative, plaintiff may
6  pay the $400.00 filing fee for this action. Failure to do so will be construed as plaintiff's consent
7  to dismissal of this action without prejudice for failure to comply with the filing fee requirements
8  of 28 U.S.C. §§ 1914 and 1915.
9       Dated this 20th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge