1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

BRIAN DAVID MATTHEWS,

CASE NO. 3:15-CV-05464-RBL-JRC

11

Plaintiff,

REPORT AND RECOMMENDATION

12

v.

NOTED FOR: SEPTEMBER 25, 2015

13

BERNARD WARNER, PATRICK
GLEBE, STELLA JENNINGS, TANYA
PLEINES, DUANE CAMPEAU,
RANDI SMITH, DAVID PIUKKULA,
STATE OF WASHINGTON,
WASHINGTON DEPARTMENT OF
CORRECTIONS.,

14

15

16

17

Defendants.

18

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned

19

Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and

20

Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

21

Plaintiff Brian David Matthews filed an application for leave to proceed *in forma*

22

*pauperis* (IFP) and a proposed 42 U.S.C. § 1983 complaint.  Dkt. 1.  Plaintiff alleges that he was

23

punished and retaliated against for wearing religious headgear while incarcerated at Stafford

24

1  Creek Corrections Center ("SCCC").  He is attempting to bring a claim against 11 defendants,

2  including the State of Washington, Washington Department of Corrections ("WDOC") and

3  several WDOC employees. Dkt. 1-1 at 2, 11-15.

4         The Court recommends denying plaintiff's motion to proceed *in forma pauperis* because

5  plaintiff has, on three or more occasions, filed actions that the courts have deemed frivolous or

6  failed to state a claim and plaintiff has not shown that he is under imminent danger of serious

7  physical injury. *See* 28 U.S.C. § 1915(g).

8  DISCUSSION

9         Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or

10  more civil actions or appeals that are dismissed as frivolous or for failure to state a claim will be

11  precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is

12  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

13         This court may take notice of judicial proceedings in another court.  *See U.S. ex rel.*

14  *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  A

15  review of court records from this district shows that plaintiff filed three cases or appeals while

16  incarcerated that were dismissed as frivolous or for failure to state a claim. The first strike

17  occurred in *Matthews v. Pierce County* (Western District Case No. 3:11-cv-5131), that case was

18  dismissed on April 1, 2011 as frivolous.  The second strike occurred when the Ninth Circuit

19  found the appeal of *Matthews v. Pierce County* frivolous (Case No. 11-35382), and the mandate

20  was issued on August 3, 2011.  The third strike occurred in *Matthews v. State of Washington*,

21  (Western District Case No. 3:14-cv-05762-BHS); that case was dismissed on September 29,

22  2014 as frivolous with no arguable basis in law or fact.  Plaintiff did not file an appeal in that

23  case.  Plaintiff's most recent case, *Matthews v. Holder*, (Western District Case No. 2:15-cv-

24

00155-RAJ), was dismissed on March 17, 2015 as it was "frivolous or malicious and that, in any event, it fails to state a claim."  The Ninth Circuit found his appeal frivolous (Case No. 15-35310), and the mandate was issued on July 13, 2015.  However, *Matthews v. Holder* is not yet final and does not count as a strike. *Silva v. Di Vitorrio,* 658 F.3d 1090, 1099 (9th Cir. 2011) (Dismissal must be final before it counts as a strike. Dismissal ripens into a "strike" for section 1915(g) purposes on "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the [90-day period] to file a petition for writ of certiorari expired, if he did not."). *See also Ellington v. Clark*, 2012 WL 466730, at *1 (E.D. Cal. Feb. 13, 2012).

Therefore, plaintiff may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on July 6, 2015. *See* 28 U.S.C. § 1915(g); *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status").  "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A plausible allegation that the prisoner faced "imminent danger of serious physical injury" will satisfy this requirement. *Id.* at 1056 (inmate alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim).

1    In his complaint, plaintiff alleges that he is a "multi-religious person with certain beliefs

2    and practices held and exercised under Hebraism." Dkt. 1-1 at 2. Plaintiff alleges he was

3    punished for wearing religious headgear and upon formally appealing that punishment, his

4    walking cane was confiscated. *Id.* Plaintiff alleges he suffered substantial pain on a daily basis

5    due to the confiscation of his walking cane. *Id.* at 2, 16.

6    On July 20, 2015, the Court ordered plaintiff to show cause why his application to

7    proceed *in forma pauperis* should not be denied by pleading facts showing that he is in imminent

8    danger of serious physical injury. Dkt. 4. The Court gave plaintiff until August 21, 2015 to

9    comply with that Court order. *Id.* The Court specifically stated:

10    Here, it is not clear if plaintiff's assertions are sufficient to demonstrate that he
        was subject to 'imminent danger of serious physical injury," at the time he filed

11    his complaint, *see Andrews v. Cervantes,* 493 F.3d at 1053.  Plaintiff should plead
        specific facts related to his particular and continuing injury, and facts related to

12    whether or not defendants knew of the particular harm and failed to address the
        harm. If he is able to allege such facts, then he may qualify for § 1915(g)'s

13    exception to the three-strikes bar. *See Austin v. Manuma,* 2012 WL 1435690, at
        *2 (D. Haw. Apr. 25, 2012).

14

15    Therefore, IT IS ORDERED that plaintiff shall show cause by August 21, 2015
        why his application to proceed *in forma pauperis* should not be denied. In the
        alternative, plaintiff may pay the $400.00 filing fee for this action.

16

17    Dkt. 4 at 3-4. Plaintiff failed to respond to the Court's order or to pay the $400.00 filing
       fee.

18    Accordingly, the Court recommends denial of plaintiff's application to proceed *in forma*

19    *pauperis* because he is barred from proceeding without payment of the filing fee and he has not

20    shown that he is in imminent danger of serious physical injury.

21    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), plaintiff shall have fourteen

22    (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure

23    to file objections will result in a waiver of those objections for purposes of de novo review by the

24    district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

1  Civ. P. 72(b), the clerk is directed to set the matter for consideration on **September 25, 2015**, as

2  noted in the caption.

3      Dated this 3rd day of September, 2015.

4

5  _____

6  J. Richard Creatura
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 5